■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE G. SHIVELY, Appellant.—Judgment unanimously affirmed. (See People v Esteves, 41 NY2d 826, 827.) (Appeal from judgment of Cattaraugus County Court—murder, second degree.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.

■ JOE PLATT, JR., Respondent, v CITY OF ROCHESTER et al., Defendants, and COUNTY OF MONROE, Appellant.—Order affirmed, without costs. All concur, except Witmer, J., who dissents in part and votes to modify the order in the following memorandum.

Witmer, J. (dissenting). I would modify the order of the trial court to provide that pursuant to CPLR 1102 (subd [b]) the court clerk notify each court stenographer who participated in the trial of this case to make and certify one typewritten transcript of the stenographic minutes which he took at the trial and deliver it to the County Attorney, together with an affidavit of the fact and date of such delivery; that the County Attorney shall thereupon prepare a Xerox copy of such transcript, and then deliver the typewritten copy to plaintiff-respondent Joe Platt, Jr., or his attorney and file the Xerox copy thereof with the court clerk with an affidavit that it is a true copy of the transcript and the date of such filing; and otherwise I would affirm the order. Although CPLR 1102 (subd [b]) provides that the court clerk shall notify the court stenographer to make two typewritten transcripts, as a practical matter the law is only concerned with the submission of two suitable copies of the trial minutes. Since this is a "poor person" expense to be borne by the county and the county asserts that each copy will cost it about $3,000 and asks to be permitted to save the cost of one transcript, I think that the court should interpret the statute to permit this method of compliance with the purpose of the statute. I also suggest that, to avoid the necessity for future construction of the statute, attention be given to this matter by the Legislature and that the statute be amended specifically to authorize this method of compliance. (Appeal from order of Monroe Supreme Court—poor person appeal.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.